UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60624-DIMITROULEAS/VALLE

OUTTA TOUCH HOLDINGS, LLC,
 *a Foreign Corporation*,

    Plaintiff,

v.

USA MARINE ENGINES, LLC,
*a Florida Corporation*,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO EXCLUDE WITNESS TESTIMONY

THIS CAUSE is before the Court upon Defendant's Motion in Limine Regarding Anticipated Hybrid Witness Testimony (ECF No. 74) (the "Motion"). United States District Judge William P. Dimitrouleas has referred to the undersigned that part of the Motion regarding whether certain testimony should be excluded at trial pursuant to Federal Rules of Civil Procedure 26 and 37. *See* (ECF No. 77 at 2). Having reviewed the relevant portion of the Motion, Plaintiff's Response (ECF No. 83), and being duly advised in the matter, Defendant's request in the Motion to exclude certain testimony at trial pursuant to Federal Rules of Civil Procedure 26 and 37 is **DENIED** for the reasons set forth below.

### I.    BACKGROUND

This matter involves claims arising from Defendant's alleged failure to properly overhaul the engines of M/Y Outta Touch on or about November 2021. *See generally* (ECF No. 1). As the owner of the vessel, Plaintiff Outta Touch Holdings, LLC filed its Complaint against Defendant alleging claims for breach of contract (Count I), breach of express warranty (Count II), breach of

implied warranty of workmanlike performance (Count III), and breach of implied warranty of fitness for particular purpose (Count IV). *Id.*

The case is scheduled for a bench trial starting on March 18, 2024. (ECF No. 42 at 1). Relevant to the instant Motion are the deadlines for expert discovery. (ECF Nos. 43, 44). More specifically, expert witness summaries/reports were due by September 30, 2023 and rebuttal expert summaries/reports were due by October 31, 2024. *Id.* Although those dates have long passed, Defendant now seeks to exclude the "anticipated" expert testimony of certain "hybrid" witnesses, arguing that Plaintiff failed to comply with the expert disclosure requirements of Federal Rules of Civil Procedure 26 and 37.[1] *See generally* (ECF No. 74 at 2-8, 17-19). Plaintiff opposes the Motion. (ECF No. 83).

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 26(a)(2) governs the procedure for disclosure of expert testimony. The Rule provides that a "party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). The Rule also requires that a written report, prepared and signed by the expert witness, must accompany the disclosure of each expert witness "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the

---

[1] The challenged witnesses are: (i) Bryan Emond (a surveyor retained by Defendant's insurer Travelers); (ii) Ernesto Maldonado (lead technician at Antilles Power who worked on the engines) and other witnesses for Antilles Power; and (iii) "others representing the interests of Plaintiff." (ECF No. 74 at 1).

2

party's employee regularly involve giving expert testimony."[2]  Fed. R. Civ. P. 26(a)(2)(B). Experts who do not meet these requirements are "not required to provide a written report." Fed. R. Civ. P. 26(a)(2)(C).  Rather, non-retained experts must submit a less-burdensome written summary of "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify."  *Id*; *see also* Fed. R. Civ. P. 26 Advisory Committee's Note to 2010 Amendment (noting that a Rule 26(a)(2)(C) disclosure "is considerably less extensive than the report required by Rule 26(a)(2)(B)").[3]

If a party fails to provide information or identify a witness as required by either subsection of Rule 26(a)(2), the non-disclosing party may be precluded from using that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure to comply with the Rule was substantially justified or is harmless.  Fed. R. Civ. P. 37(c)(1); *see also OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008).  The burden of establishing that a failure to disclose was substantially justified or harmless rests on the non-disclosing party.  *Carter v. BPCL Mgmt., LLC*, No. 19-CV-60887, 2021 WL 1338256, at *2 (S.D. Fla. Mar. 11, 2021); *Bowe v. Pub. Storage*, 106 F. Supp. 3d 1252, 1260 (S.D. Fla. 2015); *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (citation omitted).

---

[2] More specifically, the Rule requires that an expert's report contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).

[3] "Although not binding, the interpretations in the Advisory Committee Notes are nearly universally accorded great weight in interpreting federal rules." *Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (internal quotation marks and citations omitted).

District courts have broad discretion in determining whether a party's failure to comply with Rule 26(a) was substantially justified or harmless. *See Ward v. Carnival Corp.*, No. 17-CV-24628, 2019 WL 1228063, at *3 (S.D. Fla. Mar. 14, 2019). In making this determination, courts consider the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information is admitted. *Bowe*, 106 F. Supp. 3d at 1260 (citing *Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009)). Generally, prejudice is found when the late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses at issue. *Id*. Nonetheless, a motion to strike expert disclosures and preclude testimony "is a drastic sanction requiring careful consideration." *Rubinstein v. Keshet Inter Vivos Tr.*, No. 17-CV-61019, 2018 WL 6446575, at *2 (S.D. Fla. Dec. 10, 2018).

### III.   DISCUSSION

#### A. Plaintiff was not Required to Provide Rule 26(a)(2)(B) Expert Report for the Challenged Witnesses

Defendant argues that Plaintiff's failure to make proper and timely expert disclosures under Rule 26(a)(2) requires exclusion of the witnesses' testimony and that such failure was not harmless. (ECF No. 74 at 7). In the Motion, Defendant generally discusses Rule 26(a)(2)(B) (governing retained experts) and Rule 26(a)(2)(C) (governing non-retained experts), without focusing on differences between the two subsections. *Id.* at 2-3, 5-6. This Court, however, has previously addressed the disclosure requirements under the different subsections. *See e.g., Schiffbauer v. Walmart Stores, Inc.*, No. 22-CV-60655-WPD, 2023 WL 5658818 (S.D. Fla. Apr. 14, 2023).

For example, in *Schiffbauer v. Walmart Stores, Inc.*, the undersigned recently noted the existence of a split in this District regarding whether an expert report under Rule 26(a)(2)(B) is

required for a non-retained treating physician. *See Schiffbauer*, 2023 WL 56588818, at *2 (recognizing the split in the Southern District of Florida and concluding that no report is required from a treating physician who is not a retained expert); *compare In re Denture Cream Prod. Liab. Litig.*, No. 09-2051, 2012 WL 5199597, at *4-5 (S.D. Fla. Oct. 22, 2012) (holding that a more fulsome Rule 26(a)(2)(B) expert report is required when a non-retained treating physician's opinions exceed the scope of treatment), *with Torres v. Wal-Mart Stores East, L.P.*, 555 F. Supp. 3d 1276, 1289-91 (S.D. Fla. 2021) (holding that a Rule 26(a)(2)(B) expert report is required only when the expert is retained). Based on a review of competing case law, the undersigned found that a more fulsome expert report (under Rule 26(a)(2)(B)) is not required from a non-retained treating physician. *See Schiffbauer*, 2023 WL 56588818, at *2; *Torres*, 555 F. Supp. 3d at 1290 ("[T]his artificial division—between opinions the treating physician formed *during* the course of treatment and opinions he formulated *after*—has no basis in law."). Rather, the undersigned concluded that a Rule 26(a)(2)(B) report is required only when a party *retains* an expert to provide expert testimony. *See Torres*, 555 F. Supp. 3d. at 1291 ("[I]n distinguishing between those experts who must provide written reports and those who don't, the Federal Rules instruct us to look, not at what the expert *examines*, but only at what he *is* (*i.e.*, hired or not hired)."); *see also Mora v. Burlington Stores, Inc.*, No. 19-CV-23838, 2022 WL 597463, at *4 (S.D. Fla. Feb. 10, 2022), *report and recommendation adopted*, 2022 WL 594835, at *1 (S.D. Fla. Feb. 28, 2022) (finding that Rule 26(a)(2)(B) is concerned only with the relationship between the expert and the litigant).

The same analysis applies to the instant Motion. Here, none of the challenged witnesses (i.e., Bryan Emond, Ernesto Maldonado, other witnesses for Antilles Power, and unidentified "others representing Plaintiff's interests" were retained by Plaintiff as experts. Bryan Emond, for example, was a surveyor retained by Travelers, Defendant's insurance company. (ECF No. 83 at

5

2); (ECF No. 57-1 at 27, 97:21-22) (Emond deposition testimony that he was hired by Jose Grezebach of Travelers); *see also* (ECF No. 84 at 2) (noting Traveler's insurance policy and separate declaratory action pending in this District). Further, according to Plaintiff, Ernesto Maldonado, a technician, and others at Antilles Power, were hired to repair the vessel's engine in Puerto Rico. (ECF No. 83 at 4); *see also* (ECF No. 74 at 17) (Defendant's acknowledgement that Antilles Power repaired the engines). Lastly, unnamed witnesses who "may represent Plaintiff's interests" are clearly not retained experts. Thus, because none of the challenged witnesses are retained by Plaintiff, Plaintiff was not required to provide Defendant with a detailed expert report under subsection (B) of Rule 26(a)(2) for any of them.[4]

### B. Even if Plaintiff's Rule 26(a)(2)(C) Expert Disclosures Were Insufficient, The Failure Was Harmless

Having found that a Rule 26(a)(2)(B) report was not required, the undersigned next turns to whether Plaintiff's disclosures were sufficient under Rule 26(a)(2)(C) for the non-retained experts. In relevant part, expert disclosures for a non-retained expert under Rule 26(a)(2)(C) must set forth: (i) "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705;" and (ii) "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii).

Moreover, even if disclosures under Rule 26(a)(2)(C) are deemed to be insufficient, the undersigned must then determine whether Plaintiff's failure to comply was substantially justified or harmless. *See Ward*, 2019 WL 1228063, at *3. In making this determination, the Court

---

[4] The Advisory Committee's Notes to Rule 26(a)(2) support the undersigned's conclusion. *See* Fed. R. Civ. P. 26 Advisory Committee's Note to 2010 amendment ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705."); Fed. R. Civ. P. 26 Advisory Committee's Note to 1993 amendment ("A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.").

considers the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information is admitted. *Bowe*, 106 F. Supp. 3d at 1260 (citation omitted). The undersigned will consider these factors as to each challenged witness.

### 1. Bryan Emond

In response to the Motion, Plaintiff argues that Mr. Emond was timely disclosed to Defendant. (ECF No. 83 at 2). According to Plaintiff, Mr. Emond's report was provided to Defendant on May 31, 2023, along with Travelers' response to Plaintiff's subpoena duces tecum. (ECF No. 83 at 2). In addition Plaintiff asserts that Mr. Emond was listed in Plaintiff's amended witness list, which Plaintiff served on Defendant on September 18, 2023. *Id.* The record also reflects that Mr. Emond was deposed and cross-examined by Defendant on September 12, 2023. *Id.* at 2-3; *see also* (ECF Nos. 57-1 at 3, 72-2 at 2).

The record supports Plaintiff's factual chronology. Plaintiff, however, does not address whether the disclosed material satisfied Rule 26(a)(2)(C)'s requirement to provide: (i) "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705;" and (ii) "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii). Without the benefit of such analysis, the undersigned cannot determine whether Plaintiff's disclosures were, in fact, sufficient for a non-retained expert under Rule 26(a)(2)(C). Thus, assuming (without deciding) that Plaintiff's disclosures as to Mr. Emond were insufficient, the undersigned next considers whether the purportedly insufficient disclosures were substantially justified or harmless.

In this regard, even if the disclosures for Mr. Emond were insufficient under Rule 26(a)(2)(C), the failure was harmless for several reasons. First, months prior to the expert

disclosure deadline, Defendant was on notice of Mr. Emond's testimony. Indeed, Defendant had been served with Mr. Emond's report and effectively cross-examined him at the September 2023 deposition.[5] (ECF Nos. 83 at 2, 57-1 at 27); *see also Carter*, 2021 WL 1338256, at *3 ("a belated disclosure may be harmless if the opposing party has an opportunity to review the report and depose the expert before the discovery period ends."). Second, Mr. Emond's testimony is important to the litigation as the surveyor who inspected the vessel and assessed the incident at the crux of the litigation. Third, the trial in the matter will be a bench trial, so the risk of confusion to the fact finder is highly unlikely. *See* (ECF No. 74 at 8) (Defendant's argument regarding juror confusion). Lastly, and most importantly, there has been no prejudice to Defendant from the purported late or insufficient disclosures. *See, g., Bowe*, 106 F. Supp. 3d at 1260 ("Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question."). Accordingly, Plaintiff's purportedly insufficient expert disclosure of Mr. Emond was, at most, harmless and exclusion of his testimony is unwarranted.

    2. *Ernesto Maldonado (or other witnesses for Antilles Power)*

Defendant also seeks to limit the testimony of Ernesto Maldonado (and other unidentified witnesses for Antilles Power) because of: (i) its late disclosure under Rule 26; (ii) potential "interest in the case;" and (iii) cumulativeness. (ECF No. 74 at 1, 15-18). Defendant's arguments, however, are unpersuasive.

First, neither Antilles Power nor its employees have been retained as an expert, so no report is required under Rule 26(a)(2)(B) and their exclusion is not warranted. More specifically, Antilles Power is listed on the parties' Joint Exhibit List. (ECF No. 75-1 at 4) (listing Exhibit 39-42,

---

[5] The Emond deposition took place before the expiration of the expert disclosure deadline.

identifying various reports by Antilles Power as "produced in Plaintiff's Rule 26 Disclosures"); *see also* (ECF No. 83 at 3) (noting that the complete file/reports of Antilles Power were produced to Defendant with initial disclosures in advance of expert disclosure deadline); (ECF No. 83 at 4) (noting that Defendant has deposed Antilles Power's president and lead technician).

Further, Defendant's request to limit the anticipated testimony of others at Antilles Power for potentially having "an interest in the case," (ECF No. 74 at 1, 17-18) is vague and equally unpersuasive. Although a witness's potential interest in the outcome of a case may be the subject of vigorous and effective cross-examination regarding the witness's bias and credibility, it is not a proper basis to exclude the testimony at trial. Such an interest would go to the weight of the evidence, not its admissibility. Lastly, testimony from Mr. Maldonado and others at Antilles Power is important to Plaintiff's case in that it was these witnesses who first observed the condition and subsequently repaired the engines after an alleged catastrophic failure.

### 3. *Plaintiff's Representative(s)*

Lastly, Defendant argues that Plaintiff will "likely" have its corporate representative testify as "an expert" whose testimony should be excluded for purportedly having an interest in the outcome of the proceedings. *See* (ECF No. 74 at 1, 18-20). This argument, however, also fails. First, the expert disclosure requirements of Rule 26(a)(2) do not apply to Plaintiff's corporate representative. Second, as noted above, a witness's potential interest in the outcome of the litigation is fodder for cross-examination but does not warrant exclusion of testimony. Accordingly, Defendant's request to exclude testimony from Plaintiff's corporate representative because of his "interest" in the outcome of the proceedings is denied.

## IV. CONCLUSION

For the reasons set forth above, that part of Defendant's Motion in Limine (ECF No. 74) regarding whether certain testimony should be excluded at trial pursuant to Federal Rules of Civil Procedures 26 and 37 is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on March 15, 2024.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge William P. Dimitrouleas
All Counsel of Record